491 A.2d 193

**COMMONWEALTH of Pennsylvania**

v.

**Ronald A. HENRY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 1984.

Filed March 29, 1985.

148

James C. Crumlish, III, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, JOHNSON and LIPEZ, JJ.

LIPEZ, Judge:

 In a jury trial, defendant was convicted of simple and aggravated assault, and possession of an instrument of crime. After denial of post-verdict motions, defendant was sentenced to five to ten years imprisonment for aggravated assault, with a consecutive term of one to two years for possession of an instrument of crime. In this appeal from the judgment of sentence, defendant contends: (1) the court below abused its discretion in ruling that the chief Commonwealth witness was a competent witness; (2) trial counsel was ineffective in failing to request a specific charge that the effect of evidence of insanity of the chief Commonwealth witness on that witness's credibility was properly a matter for the jury; (3) trial counsel was ineffective for failing to object to defendant's appearance at his jury trial in prison garb;[1] and (4) the court below erred in refusing to

---

1. At post-trial motions, defendant was represented by trial counsel, who raised the same substantive issues which are raised in terms of trial counsel's ineffectiveness in issues (2) and (3) above. Judge Guarino properly found these issues waived because trial counsel failed to raise them at trial, raising them for the first time in post-verdict motions. *See* Pa.R.Crim.P. 1123(a). Defendant is represented by new counsel in this appeal, which is the first opportunity to raise issues (2) and (3) in terms of trial counsel's ineffectiveness; hence these issues are now properly before us. As an alternative to the ineffectiveness claim with respect to issue (3), new counsel also claims that the prison garb issue could not be waived by mere failure to object, absent a knowing and intelligent express waiver by defendant himself. Clearly this alternative claim of non-waiver is incorrect. *Cf. Commonwealth v. Chew*, 338 Pa.Super.Ct. 472, 482, 487 A.2d 1379, 1384 (1985) (failure to make timely objection to appearing shackled in leg irons before jury). Defendant has, however, achieved the same result of defeating the waiver by raising the issue in terms of trial

discharge defendant under Rule of Criminal Procedure 1100. Judge Guarino's opinion adequately disposes of the first and fourth issues. For the reasons discussed below, we find the second issue without merit, but we also find that the allegations in defendant's third issue would permit a finding of trial counsel ineffectiveness. Therefore we vacate the judgment of sentence, and remand for a hearing on the allegation that trial counsel was ineffective for failing to object to defendant's appearance in prison garb at his jury trial.[2]

There can be no finding of ineffectiveness of counsel unless the defendant demonstrates that the course not chosen by counsel would have provided a substantially greater probability of success. *Commonwealth v. Hubbard,* 472 Pa. 259, 278, 372 A.2d 687, 696 (1977), *rearg. denied.* Clearly defendant has failed to meet this burden with respect to his claim that trial counsel was ineffective for failing to insist on a specific charge that the effect of evidence of insanity of the Commonwealth's witness's credibility was for the jury. Judge Guarino's charge plainly conveyed to the jury that all questions of credibility of witnesses were for the jury to resolve. Defendant has cited no authority whatsoever for any requirement that alleged evidence of "insanity" be highlighted in the charge on credibility. Hence defendant has not shown that trial counsel has foregone a request which had a substantially greater probability of success, and this claim of ineffectiveness must be denied. *Commonwealth v. Hubbard, supra.*

counsel's ineffectiveness. It is because of defendant's ability to raise the issue now via the ineffectiveness route that making the issue waivable by failure to object at trial does not violate due process. *See Commonwealth v. Satchell,* 430 Pa. 443, 243 A.2d 381 (1968).

2. In addition to the brief filed by defendant's counsel in this appeal, defendant has filed some supplemental documents pro se, which we shall not consider because defendant is already represented by counsel. *Commonwealth v. Moore,* 321 Pa.Super.Ct. 1, 9–10 n. 4, 467 A.2d 862, 866–67 n. 4 (1983); *Commonwealth v. Carey,* 313 Pa.Super.Ct. 20, 34, 459 A.2d 389, 396 (1983).

■ Defendant's other claim of ineffectiveness, trial counsel's failure to object to defendant's appearance before the jury in prison garb, is much more serious.

A defendant in prison garb gives the appearance of one whom the state regards as deserving to be so attired. It brands him as convicted in the state's eyes. It insinuates that the defendant has been arrested not only on the charge being tried but also on other charges for which he is being incarcerated.

*Commonwealth v. Keeler,* 216 Pa.Super.Ct. 193, 195–96, 264 A.2d 407, 409 (1970). We cannot simply reverse, because there has not been a hearing in the court below on ineffectiveness. It is possible for an appearance before a jury in prison garb to constitute harmless error under some circumstances. *Commonwealth v. Kellum,* 339 Pa.Super.Ct. 513, 521, 489 A.2d 758, 762 (1985). Even an appearance by the defendant shackled in leg irons before the jury does not necessarily constitute a sufficient showing of prejudice to require a new trial. *Commonwealth v. Chew,* 338 Pa.Super.Ct. 472, 482, 487 A.2d 1379, 1384 (1985). Thus it is possible that defendant would be unable to sustain his burden of demonstrating that counsel's action had no reasonable basis, and the alternative foregone by counsel offered a substantially greater probability of success. *Commonwealth v. Hubbard, supra.*

■ Defendant's allegation concerning the prison garb does, however, meet the requirement to "set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." *Commonwealth v. Pettus,* 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). Therefore defendant is entitled to remand for a hearing to determine whether he can prove this claim of ineffectiveness. If it is determined on remand that counsel was ineffective, a new trial shall be awarded, but if counsel was effective, the judgment of sentence shall be reinstated. Either party, if aggrieved, may appeal the hearing court's determination.

152

*Commonwealth v. Moore,* 466 Pa. 510, 517–18, 353 A.2d 808, 811–12 (1976).

Judgment of sentence vacated, and case remanded with instructions. Jurisdiction relinquished.