504 A.2d 891

COMMONWEALTH of Pennsylvania

v.

Joseph BERTHESI, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 4, 1985.

Filed Feb. 3, 1986.

384

David S. Wolf, Philadelphia, for Berthesi, appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before BROSKY, POPOVICH and ROBERTS, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County denying the Post-Conviction Hearing Act[1] (PCHA) petition of the appellant, Joseph Berthesi. We affirm.

On December 27, 1967, the appellant pleaded guilty to conspiracy, aggravated robbery, simple assault and battery involving one Robert Timm. The victim was restrained, beaten and robbed of eleven dollars by a trio of individuals, one of whom was the appellant. As a result of the attack, the victim was treated for cuts and bruises at the hospital and lost a day's wages.

The appellant took the stand, admitted to stopping the victim and receiving eleven dollars taken from the victim by one of the other assailants.

During the plea it was revealed that in 1964 the appellant was convicted of burglary and passing worthless checks. Also, the court noted that there were no other convictions, "but plenty of trouble." Nonetheless, the court decided to sentence the appellant to five years probation for aggravated robbery and suspended sentence on the remaining charges. No motion to withdraw the plea or direct appeal was filed.

On June 17, 1970, the probation was revoked and the appellant was committed to the State Correctional Institution at Graterford for eighteen months to three years. No appeal followed. However, on July 23, 1981, fourteen years after his guilty plea and eight years following the completion of his sentence for the 1967 robbery, the appellant filed a pro se PCHA petition claiming the ineffectiveness of guilty plea counsel and the denial of his right to appeal. An

1. 19 P.S. § 1180–1 et seq., repealed; reenacted at 42 Pa.C.S.A. §§ 9541–9551.

amended PCHA petition, filed by appointed counsel unassociated with guilty plea counsel, reaffirmed the appellant's contention that prior counsel was ineffective in not informing the accused "at any time of his right to appeal."

The Commonwealth's answer to the amended petition asserted: First, the allegations had been waived or finally litigated. Second, the unexplained delay between the plea and the PCHA petition barred review. Third, the petitioner's failure to allege that he was "currently suffering any civil or criminal consequence from his 1967 conviction", when coupled with the fact that his sentence had already been served, precluded him from seeking relief. At the PCHA hearing, save for the waiver and finally litigated arguments, the Commonwealth asserted its former positions as a basis for the court's dismissal of the petition.

To rebut the Commonwealth's laches contention, the appellant testified, under cross-examination, that, "If [he] knew that [he] had a right to appeal, then [he] would have appealed.... You can believe that...." He continued, if it had not been for a law clinic in Holmesburg Prison in 1981—he was serving a seven and one-half to twenty-five year sentence for robbery, he never would have been cognizant of his appellate rights. Further, as to the effect of the 1967 plea of guilty the appellant stated that it was a stigma on his record and "may" have caused him to receive a "more severe sentence" for the 1981 robbery.

At the conclusion of the hearing, the PCHA court found it "very difficult" to believe the appellant's version, and, thus, dismissed the petition. In the opinion that followed, the PCHA court substantiated its determination that the appellant had waived his right to assault the 1967 plea on the ground that he "failed to carry his burden of proving the merits of his contentions regarding the denial and obstruction of his appellate rights...." Also, the PCHA court premised its denial on the appellant's "unsatisfactorily" explained delay between the entry of the plea and the filing of the PCHA petition.

Counsel for the appellant presents five issues for our review. The first three relate to the purported failure of the appellant to be advised of his appellate rights and prior counsel's ineffectiveness in failing to insure that his client was informed of said rights. The fourth claim charges that the guilty plea was defective. The fifth question deals with a supposed destruction of some of the notes of testimony, "thus depriving petitioner of his opportunity to bring forth more evidence of ineffective assistance of counsel, unlawful arrest, and unlawful search or seizure".

Before reaching the merits of the appellant's allegations, we must address the arguments of the Commonwealth and the PCHA court that the issues proffered need not be reviewed because (1) the appellant failed to carry his burden of proving "his contentions regarding the denial and obstruction of his appellate rights", and (2) the appellant did not explain his delay in seeking available post-conviction relief. Thus, they go on, the PCHA petition is subject to dismissal on the ground of laches.

■■■ It is axiomatic that in our scheme of justice an accused has the right to appeal his sentence and to the assistance of appointed counsel, if indigent, in doing so. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Concomitantly, the accused has the ability to "waive" his right to counsel and to an appeal. As our Supreme Court capsulized in *Commonwealth v. Norman*, 447 Pa. 217, 285 A.2d 523 (1971):

In determining whether a defendant has waived a constitutional right it is well settled that the federal standards of waiver first enunciated in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) apply. *Brookhart v. Janis*, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966). The waiver of a constitutional right must be "an intentional relinquishment or abandonment of a known right or privilege." 304 U.S. at 464, 58 S.Ct. at 1023. The presumption must always be against the waiver of a constitutional right. *Glasser v. United States*, 315 U.S. 60, 70–71, 62 S.Ct. 457, 463–465, 86 L.Ed. 680

(1942). Nor can waiver be presumed in a silent record case. The United States Supreme Court explicitly ruled in *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962):

> "*Presuming waiver from a silent record is impermissible.* The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." (Emphasis added).

Id. at 516, 82 S.Ct. at 890. Thus this Court is constitutionally bound to place the burden of proving waiver on the Commonwealth. Whether defendant was represented by private or court-appointed counsel, or whether his trial took place before or after the *Douglas* decision, are distinctions with no legal significance. *Commonwealth v. Ezell*, [431 Pa. 101, 244 A.2d 646 (1968)]; *Commonwealth ex rel Stevens v. Myers*, [419 Pa. 1, 213 A.2d 613 (1965)].

477 Pa. at 221–222, 285 A.2d at 526. As an adjunct to the aforesaid, we wish to note that "simply because a man can afford to hire private counsel does not mean that he forfeits his right to be told of the availability of the *appellate process.*" *Commonwealth v. Payton*, 431 Pa. 105, 107, 244 A.2d 644, 645 (1968) (Emphasis in original). Furthermore, the Commonwealth's burden of proving waiver of one's appellate rights by a preponderance of the evidence, in silent record cases, has been settled law in this jurisdiction since 1968. *Commonwealth v. Wilson*, 430 Pa. 1, 241 A.2d 760 (1968). This would seem to lay to rest the erroneous views of the PCHA court and the Commonwealth on this subject.

■ As to the protestation of the same two parties that laches is a viable tool for rendering impotent the appellant's request for relief under the PCHA, eighteen years after his plea, we are not persuaded to embrace such a proposition. We do so on the strength of *Commonwealth v. Doria*, 468 Pa. 534, 364 A.2d 322 (1976), wherein the Court wrote:

> The prosecution also argues that appellant should be estopped from raising the alleged invalidity of the 1960 conviction on a theory of laches because he waited fourteen years before seeking such relief. The concept of laches is a defense applicable only to equity proceedings. *Bauer v. P.A. Cutri Co.*, 434 Pa. 305, 253 A.2d 252 (1969). It has no place in the criminal law.

468 Pa. at 542, 364 A.2d at 326. See also *Commonwealth v. Goldsmith*, 452 Pa. 22, 304 A.2d 478 (1973) (12 years had elapsed since murder conviction, plus an appeal had already been taken, yet PCHA petition questioning right to appeal was held not waived); *Commonwealth v. Falcone*, 440 Pa. 61, 269 A.2d 669 (1970) (1955 conviction for murder not questioned until 1969 PCHA petition; Court found right to appeal not waived and remanded for filing of post-verdict motions); *Commonwealth v. Maloy*, 438 Pa. 261, 264 A.2d 697 (1970) (1952 murder conviction first questioned in 1968 PCHA petition raising denial of appeal rights; no waiver and case remanded for filing post-trial motions).

■ With the preceding precepts in mind, we can now turn to the record and find a total absence of any mention of the appellant's *Douglas* rights. Not only does a *Douglas* denial preclude a finding of waiver under Section 4 of the PCHA, *Commonwealth v. Holmes*, 468 Pa. 409, 417 n. 7, 364 A.2d 259, 263 n. 7 (1976), but this requirement cannot be inferred from the appellant's possession of a prior criminal record. *Commonwealth ex rel. Mullins v. Maroney*, 428 Pa. 195, 200–201, 236·A.2d 781, 785 (1968); *Commonwealth ex rel. Gordon v. Myers*, 424 Pa. 352, 354, 227 A.2d 640, 642 (1967).

■ Although the findings of the PCHA court are to be accorded "great deference", this Court will not blindly affirm if they are not supported by the record. Compare *Commonwealth v. Porta*, 297 Pa.Super. 298, 443 A.2d 845 (1982) (POPOVICH, J.), allocatur denied September 1, 1982.

■ Instantly, the 1967 guilty plea colloquy makes no mention of the rights referred to in *Douglas*,[2] nor was the

appellant tentative—on the contrary, he was emphatic—in his reaffirmation of the denial of his right to appeal, by both court and counsel, during his testimony at the 1983 PCHA hearing. Therefore, we fail to detect what *facts of record* are supportive of the PCHA ruling, especially is this so since we have found flawed the PCHA court's reliance upon the ill-fated doctrine of laches and the misapplication of the burden of proof, in the face of a silent record, to buttress its decision.

We feel it prudent to make mention of the position of the Commonwealth, advanced at the hearing below, that the appellant's completion of his 1967 sentence renders moot his present complaint.

In *Commonwealth v. Sheehan,* 446 Pa. 35, 285 A.2d 465 (1971), our Supreme Court enunciated the "collateral criminal consequences" rule and allowed the defendant to attack his satisfied sentence upon a showing that it directly affected a subsequent criminal conviction. The *Sheehan* Court held that a *possibility* that the defendant might be classified as a recidivist and open to a harsher penalty was itself a collateral criminal consequence sufficient to prevent his PCHA petition from being moot.

■ At bar, the appellant was convicted of a second robbery in 1981, and the sentence (7½ to 25 years) he is presently serving, we believe it fair to say, had the *possibility* of being impacted by the 1967 plea/robbery. With the requirements under our Sentencing Code that the court secure a pre-sentence report reflective of *all* the accused's criminal activity, we would be taking a myopic view of the facts to conclude that the 1981 sentencing court was not exposed to the 1967 robbery and utilized it in formulating the form and length of punishment to be imposed upon the appellant. See *Commonwealth v. Markley,* 348 Pa.Super. 194, 501 A.2d 1137 (1985). Thus, we do not hold the right-to-appeal issue to be moot.

2. Presently, in Pennsylvania, Pa.R.Crim.P. 1405(c)(1) deals with one's appellate rights as enunciated in *Douglas.*

■ From an examination of the record, it is clear that the appellant's allegation that his right to appeal had been impaired has merit and that he is entitled to appeal as if timely. This is confirmed from a reading of the guilty plea record which shows that Berthesi was not advised of his right to appeal (or to his right to free counsel on such an appeal) nor did the Commonwealth at the PCHA hearing produce any evidence to rebut (by a preponderance of evidence) the appellant's unawareness of such a right. As the burden of proving waiver of the federal constitutional right announced in *Douglas* is on the government, *Commonwealth v. Jones*, 447 Pa. 228, 286 A.2d 892 (1971), it follows inextricably that the appellant would, if it were not for the facts at bar, be granted leave to file an appeal from his judgment of sentence as if timely filed. Compare *Commonwealth v. Crowson*, 450 Pa. 218, 299 A.2d 318 (1973).

■ We see no reason to remand to allow the Commonwealth to proffer evidence on the question of waiver, inasmuch as it was given such an "opportunity" and fell short of the mark. Compare *Commonwealth v. Norman, supra; Commonwealth v. Ezell*, 431 Pa. 101, 244 A.2d 646 (1968). Further, inasmuch as the issues subject to review following the entry of a guilty plea are limited to the voluntariness of the plea and the legality of the sentence, *Commonwealth v. Montgomery*, 485 Pa. 110, 401 A.2d 318 (1979); *Commonwealth v. Robinson*, 442 Pa. 512, 276 A.2d 537 (1971); *Commonwealth v. Brown*, 342 Pa.Super. 249, 492 A.2d 745 (1985) (en banc) (Opinion In Support Of Reversal by POPOVICH, J.), the fact that the appellant has raised (properly) only the voluntariness question limits our review to just that issue. Stated differently, the posture of the case, i.e., the record being complete on the appeal issue, obviates the need for a remand. See *Commonwealth v. Lohr*, 503 Pa. 130, 468 A.2d 1375 (1983); *Commonwealth v. Brown, supra.*

■ We have scrutinized the record in regard to the voluntariness question and we find that the December 27, 1967 plea was proper and elicited from the appellant that he

was knowingly, intelligently and voluntarily pleading guilty. See *Commonwealth ex rel. Barnosky v. Maroney,* 414 Pa. 161, 165, 199 A.2d 424, 426 (1964).

No other issues being properly before us for review, and since we have the authority to uphold the decision of the court below for reasons other than those advanced by the original jurist, *Commonwealth v. Tunnell,* 463 Pa. 462, 464 n. 2, 345 A.2d 611, 612 n. 2 (1975), we have concluded that the appellant has not established his right to relief.

Order affirmed.