523 A.2d 813

**COMMONWEALTH of Pennsylvania**

v.

**Marshall W. JENKINS, III, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 1, 1986.

Filed April 1, 1987.

Dennis I. Turner, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellee.

Before MONTEMURO, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from the order of the court below summarily denying Post-Conviction Hearing Act[1] relief to the appellant, Marshall W. Jenkins, III. We affirm.

While on parole, the appellant was arrested for simple assault and harassment causing his re-commitment. A subsequent jury trial ended in a not-guilty verdict being returned on the charge of simple assault. However, the trial court, sitting as a magistrate, found the appellant guilty of harassment and imposed a ninety-day prison sentence.

The period of incarceration had already been served by the time it was levied. Presumably, the appellant's status as a parole violator kept him in jail, and this period of imprisonment was credited against the ultimate sentence imposed. We affirmed the appellant's appeal on June 21, 1985 (at No. 1045, Pittsburgh 1984).

Thereafter, the appellant's PCHA petition, claiming that his conviction was the result of the ineffectiveness of counsel, was dismissed on August 23, 1985, because of the trial court's determination that "the Post Conviction Hearing Act d[id] not apply to defendants convicted of summary offenses."

The appellant's efforts to proceed in forma pauperis and to secure the appointment of counsel were likewise denied on the same basis. Nevertheless, the appellant was ultimately granted the right to prosecute an appeal from the August 23 order. This Court, by per curiam order, remanded for reconsideration of the appellant's request for counsel and the determination of whether he had alleged sufficient collateral consequences to support his PCHA petition in light of *Commonwealth v. Markley*, 348 Pa.Super. 194, 501 A.2d 1137 (1985).

---

1. 19 P.S. § 1180–1 et seq., repealed; reenacted at 42 Pa.C.S. §§ 9541–9551. Hereinafter referred to as PCHA.

The trial court's reconsideration on remand did not alter its original belief that the PCHA was not intended to apply to defendants convicted of summary offenses (e.g., harassment). This appeal followed and questions the propriety of the trial court's conclusion that the potential, remedial benefits of the PCHA are not available to one convicted of a summary offense.

The issue raised is a novel one in that it has not been addressed on its merits by an appellate court. To the extent that the trial court and the Commonwealth insinuate that we are bound—as if to say we are precluded from ever examining the subject again—because of our previous affirmance of a Common Pleas Court decision finding the PCHA inapplicable to summary offenses,[2] we disagree, especially when subsequent decisions of this Court would indicate the contrary.[3] We speak of *Commonwealth v. Markley*, supra.

*Markley* dealt with a defendant's argument that his request for relief under the PCHA was not rendered moot by his having served his sentence by the time his petition had been filed.

The case tracked the development of the "collateral criminal consequences" rule, first announced by our Supreme Court in *Commonwealth v. Sheehan*, 446 Pa. 35, 285 A.2d 465 (1971), which affords a defendant the right to assail a satisfied sentence where the *possibility* of either civil or criminal ramifications exist. This was interpreted to mean that " . . . a criminal case is moot only if it is shown that

2. *Commonwealth v. Margittai-Thorpe*, 8 Pa.D. & C.3d 693 (1977), aff'd 261 Pa.Super. 548, 396 A.2d 39 (1978).

3. See the Dissenting Opinion of this writer in *Commonwealth v. Daniels*, 288 Pa.Super. 69, 77 n. *, 431 A.2d 291, 295 n. * (1981) (Citation omitted), wherein it was noted that:

Although a rule of law may have emerged from a case, that does not foreclose its subsequent scrutiny by the Courts in ascertaining whether it is still jurisprudentially sound. Since the law is a "living and developing legal system . . . rather than . . . a static set of rules," . . . the policy of *stare decisis* is not to be adhered to with . . . blind obedience. . . .

See also footnote * of Justice Flaherty's majority opinion in *Ellis v. Sherman*, 512 Pa. 14, 20, 21 n. *, 515 A.2d 1327, 1330 n. * (1986).

there is *no* possibility that *any* collateral legal conse-
quences will be imposed on the basis of the challenged
conviction." *Markley,* supra, 348 Pa.Super. at 203, 501
A.2d at 1141, quoting *Sibron v. New York,* 392 U.S. 40, 57,
88 S.Ct. 1889, 1900, 20 L.Ed.2d 917 (1968) (Emphasis in
original).

In that light, we found that the defendant's possible
exposure to impeachment of his credibility at a trial or the
likelihood of the appearance of his conviction in a presen-
tence report was sufficient to reverse the denial of his
PCHA petition for mootness and remanded for an evidentia-
ry hearing on the petition.

At bar, the effects of the appellant's harassment convic-
tion, albeit a summary offense, are not *de minimis.* For
instance, as a *direct* result of the appellant's arrest his
parole was revoked, a loss of liberty which surely cannot be
categorized as insignificant. Even the Commonwealth in its
brief to us at page 4 concedes that "... it is impossible to
characterize this summary conviction as moot. The legal
consequences of this conviction in the form of providing
grounds for the revocation of appellant's parole on an
earlier conviction and recommittment [sic] to prison are
both extremely devastating and actual...."

Next, although the appellant cannot be impeached on a
conviction for harassment (since it is not a crime involving
an element of dishonesty—crimen falsi), the inclusion of
such a conviction in a presentence report is mandated by
statute. See 42 Pa.C.S. § 9732 ("The presentence report
shall include a summary of the ... history of ... criminali-
ty...."); *Commonwealth v. Berthesi,* 350 Pa.Super. 383,
390, 504 A.2d 891, 895 (1986); *Markley,* supra, 348 Pa.Su-
per. at 206, 501 A.2d at 1143.

■ Thus, the potential repercussions flowing from the
appellant's harassment conviction are not illusory. There-
fore, it follows inexorably that the appellant, if it were not
for the facts instantly, would be granted the opportunity to
have his ineffectiveness of counsel claim heard by the
PCHA court. See *Berthesi,* supra.

To explain, the present appeal is the first occasion in which the appellant is *represented* by counsel other than whose stewardship is being assailed.[4] *Commonwealth v. Seachrist,* 478 Pa. 621, 387 A.2d 661 (1978); *Commonwealth v. Hill,* 354 Pa.Super. 32, 511 A.2d 171 (1986). Accordingly, this would be the proper stage at which prior counsel's effectiveness could be challenged. *Commonwealth v. Hubbard,* 472 Pa. 259, 277 n. 6, 372 A.2d 687, 695 n. 6 (1977).

In making our evaluation of the claimed ineffectiveness of trial counsel, we look to the brief filed by the appellant's counsel in this appeal.[5] See *Commonwealth v. Henry,* 341 Pa.Super. 146, 150 n. 2, 491 A.2d 193, 195 n. 2 (1985).

**4.** In the appellant's first PCHA petition, filed with the aid of trial counsel, he secured an appeal nunc pro tunc. This Court affirmed. Thereafter, the appellant filed a second PCHA petition, this time pro se, seeking a new trial, correction of the sentence or a dismissal. His basis for the relief was trial counsel's purported ineffectiveness. See note 5, infra. The trial court ruled that the appellant was not eligible for PCHA relief and dismissed the petition. This order was appealed pro se.

On appeal, this Court decided to remand for the appointment of counsel and "for the preparation of a statement of reasons concerning the denial of the petition[ ] in the trial court." The trial court responded by re-affirming its earlier position that "the Post Conviction Hearing Act has no application to summary proceedings." Because this Court had retained jurisdiction, the matter was re-assigned to another panel and is before us for review.

**5.** We note that the appellant's pro se PCHA petition argues prior counsel's ineffectiveness for not filing allocatur with the Pennsylvania Supreme Court from this Court's earlier affirmance and not objecting to the trial court's alleged ex parte communication with the victim and a prosecution witness before rendering its verdict. However, we are precluded from reaching the merits of the issues claimed or remanding for their review since appellate counsel has neglected to "pursue" them on appeal. Compare *Commonwealth v. La Sane,* 479 Pa. 629, 633, 389 A.2d 48, 50 (1978).

There is no indication that appellate counsel was hampered in his efforts to raise any and all issues associated with prior counsel's stewardship. This being the proper stage at which such claims could be raised. See *Commonwealth v. Reider,* 343 Pa.Super. 270, 277–78 n. 1, 494 A.2d 461, 465 n. 1 (1985); *Commonwealth v. Brown,* 342 Pa.Super. 249, 255, 492 A.2d 745, 748 (1985) (en banc) (Opinion in Support of Reversal by Popovich, J.). Therefore, we may not merely ignore the absence of the underlying basis for trial counsel's proffered ineffectiveness from appellate counsel's brief and simply remand for

Appellate counsel's allegation concerning the ineptness of trial counsel, however, does not satisfy the requirement to "set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." *Commonwealth v. Pettus,* 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981).

■ Nowhere in the brief filed by appellate counsel does he advance anything more than boilerplate averments; e.g., petitioner should be afforded PCHA relief to ascertain whether the "conviction for harassment resulted from the ineffective assistance of counsel" or petitioner should be entitled to PCHA relief "to challenge the legality of the summary conviction." (See Appellant's Brief at 6 & 9) These assertions, on their face, would appear to challenge the sufficiency of the evidence, a matter which has already been ruled upon by this Court and is not permitted a second review by cloaking it in ineffectiveness garb. See *Commonwealth v. Morales,* 485 Pa. 228, 401 A.2d 741 (1979); *Commonwealth v. Orr,* 450 Pa. 632, 301 A.2d 608 (1973).

■ Our scrutiny of the submitted brief indicates it is lacking under the pronouncement of *Pettus,* which advises against granting PCHA relief (or embarking on an inquiry of same) where the claims are "abstract" or lack specificity and seek assessment in the context of an evidentiary hearing where all sides can be heard. See *Commonwealth v. Alexander,* 495 Pa. 26, 432 A.2d 182 (1981); *Commonwealth v. Molina,* 358 Pa.Super. 752, 516 A.2d 752 (1986).

In other words, without more, we are estopped from finding that the court on remand could conclude that trial counsel may have been ineffective. See *Commonwealth v.*

an evidentiary hearing. A charge of ineffectiveness without the accompanying allegations sufficient to hurdle the caveat of *Commonwealth v. Pettus,* 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981) dictates the present course. See *Commonwealth v. Molina,* 358 Pa.Super. 28, 37, 516 A.2d 752, 757 (1986).

*Floyd,* 506 Pa. 85, 92, 484 A.2d 365, 368 (1984). To do so would be to sanction a remand premised on "abstract" assertions, a practice which, as mentioned previously, is contrary to *Pettus.* See *Commonwealth v. Hammer,* 508 Pa. 88, 96 n. 2, 494 A.2d 1054, 1058 n. 2 (1985) and compare with *Commonwealth v. La Sane,* 479 Pa. 629, 634, 389 A.2d 48, 50 (1978); *Henry,* supra, 341 Pa.Super. at 151, 491 A.2d at 195–96.

Accordingly, appellate counsel's failure to link trial counsel's alleged ineffectiveness with the entry of the harassment conviction forecloses this Court from ordering a remand to review the appellant's PCHA claims. See *Molina,* supra; *Commonwealth v. Bolding,* 315 Pa.Super. 444, 462 A.2d 278 (1983). *Pettus* allows nothing less.

As can be gleaned from the preceding, we affirm for reasons other than those advanced by the court below. See *Berthesi,* supra.

Order affirmed.

MONTEMURO, J., files a concurring and dissenting opinion.

MONTEMURO, Judge, concurring and dissenting:

While I agree with the majority's ultimate disposition of this case, I do not believe the PCHA (Post Conviction Hearing Act) to be applicable to summary convictions. The same principle which specifically excludes such convictions from the prior record score computations used in sentencing seems to me to dictate this result. I do not suggest that the legal consequences of these convictions are illusory or negligible, but every human action, at least theoretically, produces some repercussions, and I feel that the direct appeal process is sufficient to address these.