J-S42012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AHMED F. GAD | : | |
| | : | |
| Appellant | : | No. 867 EDA 2019 |

Appeal from the PCRA Order Entered March 11, 2019
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003326-2016

BEFORE: OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY OTT, J.: **FILED OCTOBER 02, 2019**

Ahmed F. Gad ("Gad") appeals from the order entered March 11, 2019, in the Northampton County Court of Common Pleas, dismissing, following a hearing, his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Gad seeks relief from the judgment of sentence of 12 to 24 months' imprisonment for simple assault,[2] and a consecutive term of 45 to 90 days' imprisonment for harassment,[3] imposed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 2701(a)(1).

[3] 18 Pa.C.S.A. § 2709(a)(1).

following a jury trial. Concomitant with this appeal, counsel has filed a petition to withdraw and a **Turner**/**Finley**[4] "no merit" letter. Because Gad's claims lack merit, we affirm and grant counsel's petition to withdraw.

We take the underlying facts and procedural history in this matter from this Court's opinion affirming the judgment of sentence.

> [Gad] was arrested in connection with the domestic abuse of Eva Fisher ["Victim"], his wife. On March 3, 2017, the Commonwealth filed notice of its intent to introduce evidence of prior crimes, wrong, or acts pursuant to Pa.R.E. 404(b)(2). Relevantly, the Commonwealth sought to introduce evidence relating to [Gad's] prior physical abuse and witness intimidation of his former paramour, Maryam Ezatt. [Gad] filed a response in opposition to the introduction of the evidence. On April 3, 2017, the trial court granted the Commonwealth's request to admit the evidence pursuant to Pa.R.E. 404(b)(2).
>
> [Gad], represented by counsel, proceeded to a jury trial on June 6, 2017. At trial, the Commonwealth presented the testimony of Police Officer Kevin Lillis, physician's assistant Monika Garcia, and [Gad's] former paramour, Ms. Ezatt.[a]
>
> > [a] Although [Victim] testified against [him] at his September 2016 preliminary hearing, [she] did not appear at the trial. Officer Lillis testified that neither law enforcement officials nor her family had any contact with her since March of 2017.
>
> Specifically, Officer Lillis testified that, on September 12, 2016, [Victim] approached him requesting assistance in finding a homeless shelter for her to stay in for the night. Officer Lillis observed [she] had "a contusion on the left side of her face along her cheekbone and she had contusions also behind her ear, and her ear was swollen. Also, around her neck as well as a swollen

---

4 ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

lip." Officer Lillis summoned an ambulance, which transported [Victim] to the emergency room for treatment. On September 17, 2016, when the officer went to the couple's home to arrest [Gad], [Victim] answered the door.

Ms. Garcia testified she treated [Victim] on September 12, 2016, in the emergency room. She testified [Victim] had bruising to the left side of her face, cheek, forehead, and ear. [Victim] reported she had been assaulted and slapped in the face.

Ms. Ezatt testified she used to be [Gad's] paramour, and on September 30, 2013, [Gad] hit her in the face and then intimidated her in an attempt to force her not to cooperate with the police. Ms. Ezatt testified that her relationship with [Gad] ended in 2015; however, [Gad] resumed contact with her in July of 2016. In the fall of 2016, [Gad] texted her, indicated he was "in trouble," and said he "needed her help." Ms. Ezatt testified [Gad] admitted to her that he had hit his wife and he was pressuring her to drop the charges.

[Gad] testified in his own defense. Specifically, he testified that he was not at home on September 12, 2016; but rather, he was at work all day. He specifically denied striking [Victim] or telling her not to appear for court.[5]

*Commonwealth v. Gad*, 190 A.2d 600, 601-602 (Pa. Super. 2018) (record citations omitted).

On May 21, 2018, this Court affirmed the judgment of sentence. *See Gad*, *supra* at 601. Gad did not seek leave to appeal to the Pennsylvania Supreme Court.

---

[5] Of pertinence to the instant appeal, Gad also specifically denied knowing the victim's whereabouts. N.T. Trial, 6/06/2017, at 84.

On September 26, 2018, Gad, acting *pro se*, filed the instant, timely PCRA petition. Subsequently, the PCRA court appointed counsel. At a pre-hearing conference, counsel clarified Gad would pursue six issues regarding trial counsel's alleged ineffectiveness at the PCRA hearing. A PCRA hearing was held on January 2-3, 2019. At the hearing, PCRA counsel withdrew Gad's claim trial counsel was ineffective for failing to oppose the Commonwealth's 404(b) motion. N.T. PCRA Hearing, 1/02/2019, at 3-4. However, counsel raised two additional issues of trial counsel's alleged ineffectiveness. Trial counsel and Gad both testified at the hearing, as well as Gad's former probation officer and the Victim.

On March 11, 2019, the PCRA court denied Gad's petition. The instant, timely appeal followed. In response to the court's order, Gad filed a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On June 4, 2019, the PCRA court issued an opinion.

Prior to addressing the merits of this appeal, we must first consider whether counsel has fulfilled the procedural requirements for withdrawal. ***Commonwealth v. Muzzy***, 141 A.3d 509, 510 (Pa. Super. 2016). Pursuant to ***Turner***/***Finley*** and their progeny:

> Counsel petitioning to withdraw from PCRA representation must . . . review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit,

- 4 -

and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

\* \* \* \*

[W]here counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, our review reveals counsel has substantially complied with the procedural aspects of **Turner**/**Finley**. Although he filed a brief, as opposed to a "no merit" letter, counsel's brief properly lists the issues Gad wishes us to review and explains why they are meritless. **See** Gad's Brief at 5-18. Furthermore, counsel provided Gad with a copy of the brief and the petition to withdraw, and advised him of his right to proceed *pro se* or with private counsel. **See** Petition to Withdraw as Counsel, 4/18/2019. Gad has filed multiple responses to the petition reiterating the claims of ineffective assistance of counsel raised below. Therefore, we proceed to a consideration of whether the PCRA court erred in dismissing the petition. **See Doty**, **supra**.

Our standard of review is well settled:

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, [w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. [W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (quotation marks and citations omitted). Furthermore, where, as here, the defendant alleges counsel rendered ineffective assistance, we note:

In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.

To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.

***Commonwealth v. Michaud***, 70 A.3d 862, 867 (Pa. Super. 2013) (quotation marks and citations omitted). "To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or

- 6 -

inactions, the result of the proceeding would have been different."
**Commonwealth v. Mason**, 130 A.3d 601, 618 (Pa. 2015).

In his first two claims, Gad argues trial counsel was ineffective for failing to call the Victim and his former probation officer Jason Baer as defense witnesses at trial. Gad's Brief, at 7-9.

> To prove that trial counsel provided ineffective assistance for failing to call a witness, a petitioner must demonstrate:
>
> > (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

**Commonwealth v. Brown**, 196 A.3d 130, 167 (Pa. 2018) (citation omitted).

Here, the Victim[6] and Baer both testified at the PCRA hearing. Both stated that they were not willing to testify for the defense and that their

_____

[6] Pertinently, with respect to the Victim, the trial court discussed the issue as follows:

> Furthermore, trial counsel testified at the hearing on the present petition that he did not call [the Victim] as a witness at trial because he "was informed [some months prior to trial] that the victim, [], had disappeared." Counsel further testified: "I had spoken to Mr. Gad numerous times if he had any contact with [the Victim] and had heard from her. He repeatedly informed me no. And this was up to the point where we decided to go to trial." Counsel's trial strategy was, therefore — as he posed to the jury during opening statements — to press the fact that the

testimony would not have been favorable to Gad. *See* N.T. PCRA Hearing, 1/03/2019, at 75, 77-78, 80-81, 83-85. Thus, Gad has not shown counsel was ineffective for failing to call them as witnesses. *Brown*, *supra* at 167. Gad's first and second claims do not merit relief.

_____

> Commonwealth had failed to produce a key witness in its prosecution of [Gad]. Counsel then testified: "The first time I had learned that [the Victim] was still around and [] Gad had any conversations with her was when we were breaking for lunch during trial and the jury was walking [...] out for lunch and that's when [] Gad informed me that he wished for me to call [the Victim] to testify for him at trial." Despite learning during trial that [the Victim's] whereabouts were known to [Gad], counsel elected not to call her as a witness. He noted that, at best, he could hope that she would have recanted her prior statements to police during her trial testimony, "which something told me that wasn't going to happen." Moreover, "it wouldn't have [made sense strategically] because I just got done telling 12 people I don't know, that nobody knows where this victim is, and all of a sudden I'm going to present the victim. The jury is either going to think that I've been hiding the witness, which I would think they would be smart enough not to think, which means the only logical explanation is my client is hiding the witness, which would make him look ten times more guilty." Considering this testimony, we could not conclude that trial counsel lacked a reasonable basis for his failure to call [the Victim] as a defense witness at trial. Again, we conclude that his failure to call [the Victim] only worked to benefit [Gad], and that [Gad's] claim of ineffectiveness in this regard lacks merit. While [Gad] testified at the hearing that he told trial counsel about his wife's whereabouts in advance of trial, asking him to call her to testify, and that counsel told him not to bring her to trial because the District Attorney would have her arrested, we found [Gad's] testimony to be wholly incredible.

PCRA Court Opinion, 6/04/2019, at 3-4 (record citations omitted). This testimony, as recounted by the PCRA court, wholly contradicts Gad's sworn testimony at trial.

Gad next claims counsel was ineffective for failing to cross-examine Commonwealth witness Maryam Ezzat based on bias. Gad's Brief, at 9-13.

A criminal defendant has the constitutional right to confront witnesses against him; this right includes the right of cross-examination. *See Commonwealth v. Buksa*, 655 A.2d 576, 579 (Pa. Super. 1995), *appeal denied*, 664 A.2d 972 (Pa. 1995). Counsel can use cross-examination to test a witness's version of the events, to impeach his or her credibility, or to establish his or her motive for testifying. *See id.* The scope and vigor of any particular cross-examination is a matter of trial strategy that we leave to the sound discretion of counsel. *See Commonwealth v. Molina*, 516 A.2d 752, 757 (Pa. Super. 1986). Further, our Supreme Court has held that counsel is ineffective for failing to impeach an important witness in the absence of a reasonable strategic basis for his actions. *Commonwealth v. Baxter*, 640 A.2d 1271, 1274-1275 (Pa. 1994); *see also Commonwealth v. Murphy*, 591 A.2d 278, 279-280 (Pa. 1991) (finding defense counsel ineffective for failing to cross-examine key prosecution witnesses about possible bias).

The PCRA court aptly addressed this contention as follows.

While [Gad] fails to clearly articulate this assertion of error, we are able to glean from the hearing transcript that [he] is likely referring to his contention that trial counsel "failed to cross-examine Maiyam Ezzat on [his] participation with ICE and her being arrested," as well as "the dismissal of all charges against him in a Florida case." In response to questioning on these issues, trial counsel testified that he had no recollection of any conversations with [Gad] regarding anything to do with Ms. Ezzat

and ICE (Immigration and Customs Enforcement). With respect to the "Florida case," trial counsel testified: "[I]f I recall correctly, they were protection from abuse orders that she had — that Ms. Ezzat had filed against Mr. Gad. Those charges were all subsequently dropped and Mr. Gad wished for me to question Ms. Ezzat about those dropped PFAs during the trial. [. . .] Again, Mr. Gad was on trial for domestic violence charges. Those PFAs all stem from issues of domestic violence, domestic abuse, again, very poor strategy to bring them up at trial." [The PCRA court] concurred with counsel's assessment. Given the charges faced by [Gad] at trial, and the nature of the testimony that Ms. Ezzat would likely have given, as described by trial counsel, [the PCRA court] concluded that counsel's decision not to inquire of Ms. Ezzat as to these issues had a very reasonable basis designed to advance [Gad's] interests, and that [Gad's] claim of ineffectiveness on this point must also fail.

PCRA Court Opinion, 6/04/2019, at 5-6.

Here, the PCRA court credited counsel's testimony that he was unaware of any issues of possible bias regarding Ezzat, ICE, and an arrest. As this finding has support in the record, we have no basis to disturb it. *Commonwealth v. Dennis*, 17 A.3d 297, 305 (Pa. 2011) (great deference is afforded to PCRA court's credibility findings). Moreover, we agree with the PCRA court that counsel had a reasonable strategic basis not to cross-examine Ezzat regarding the prior withdrawn PFA(s), thus we decline to find counsel ineffective for failing to do so. *See Baxter*, *supra* at 1274-1275. Gad's third claim does not merit relief.

In his fourth claim, Gad contends counsel was ineffective because he showed religious bias against him, attempted to pressure him into agreeing

to plead guilty, and did not secure text messages from him, which would have aided his defense at trial. Gad's Brief, at 13-14.

Here, the PCRA court held Gad's poorly articulated claims of religious bias lacked any factual basis. PCRA Ct. Op. at 7-8. We agree. We have thoroughly reviewed the record and see nothing which substantiates this contention or casts doubt on the PCRA's court finding that counsel's testimony about religious bias was credible and Gad's was not. *See Dennis*, *supra* at 305; *see also* N.T. PCRA Hearing, 1/02/2019, at 14-15, 52-53.

Gad's contention counsel attempted to pressure him into pleading guilty is equally lacking in factual support. Gad did not plead guilty and the PCRA court found his testimony with respect to this issue was not credible. PCRA Ct. Op. at 7; N.T. PCRA Hearing, 1/02/2019, at 53-54. This claim does not merit relief. *See Dennis*, *supra* at 305.

Gad's complaint counsel did not secure text messages from him that would have aided his defense at trial is equally lacking in merit. The record reflects counsel explained to Gad that he would have to be able to authenticate the text messages and to do that Gad needed to let his investigator examine the cell phone. Counsel scheduled multiple meetings with Gad and the investigator and Gad canceled each one and refused to turn his cell phone over to the investigator. N.T. PCRA Hearing, 1/02/2019, at 17-19; 41-43. We cannot fault counsel for Gad's refusal to cooperate with the investigator.

Therefore, we agree with the trial court that Gad's fourth claim does not merit relief. *See* PCRA Ct. Op., at 7.

In his fifth claim, Gad contends counsel was ineffective for failing to object to two continuance requests. Gad's Brief, at 14-15.

The decision to grant or deny a request for a continuance is within the sound discretion of the trial court. *Commonwealth v. Pries*, 861 A.2d 951, 953 (Pa. Super. 2004), *appeal denied*, 882 A.2d 478 (Pa. 2005). Here, Gad has not demonstrated counsel had any basis to oppose the continuance requests, or that the trial court would have denied the Commonwealth's requests if counsel opposed them, since the Commonwealth sought them because it was attached to a homicide trial. N.T. PCRA Hearing, 1/02/2019, at 16. Moreover, counsel explained he did not oppose the request as a matter of professional courtesy and in the hope the Commonwealth would not object to any continuance requests he made. Lastly, Gad was out on bail and the continuance request did not have any speedy trial impact. *See id.* Thus, Gad fails to set forth the ineffectiveness analysis required by *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because he did not establish any of the three prongs, we must deem counsel's assistance constitutionally effective. *See Commonwealth v. Rolan*, 964 A.2d 398, 406 (Pa. Super. 2008) (holding where appellant fails to address three prongs of ineffectiveness test, he does not meet his burden of proving ineffective assistance of counsel,

and counsel is deemed constitutionally effective). Gad's fifth claim lacks arguable merit.

In his sixth claim, Gad claims counsel was ineffective for failing to provide him with copies of discovery. Gad's Brief, at 15-16.

Here, the record reflects although counsel did not provide Gad with copies of the discovery, counsel testified he discussed the entire discovery with him. N.T. PCRA Hearing, 1/02/2019, at 20. Gad has not explained how the failure to provide him with copies of his own prejudiced him.

"Claims of ineffective assistance of counsel are not self-proving[.]" *Commonwealth v. Spotz*, 896 A.2d 1191, 1250 (Pa. 2006) (citation omitted). Our Supreme Court has repeatedly refused to consider bald allegations of ineffectiveness, such as this one. *See Commonwealth v. Thomas*, 744 A.2d 713, 716 (Pa. 2000) (declining to find counsel ineffective "where appellant fail[ed] to allege with specificity sufficient facts in support of his claim."). Thus, because Gad's bald allegation has failed to demonstrate prejudice, his claim fails. *Commonwealth v. Anderson*, 461 A.2d 208, 216 (Pa. 1983) (holding no merit to claim counsel was ineffective for failing to provide copies of pre-trial discovery where defendant did not show prejudice). Therefore, there is no basis to upset the PCRA court's finding that Gad was not entitled to PCRA relief on this issue.

In his final claim, Gad maintains counsel was ineffective for failing to advise him of the maximum sentence allowed by statute. Gad's Brief, at 16-17. This issue does not warrant relief.

Here, counsel testified at the PCRA hearing that he did advise Gad of his possible sentencing exposure. N.T. PCRA Hearing, 1/02/2019, at 22-23. The PCRA court credited this testimony and did not credit Gad's testimony to the contrary. PCRA Ct. Op., at 9. We have no basis to disturb this finding. *See* ***Dennis***, ***supra*** at 305. Gad's final claim lacks merit.

We have independently conducted our own review of this case and determined the PCRA court did not err in dismissing Gad's claims because he was ineligible for collateral relief. ***See Doty***, ***supra*** at 457. Further, because we agree with appointed counsel that the current appeal has no merit, we grant counsel's motion to withdraw and affirm the order dismissing Gad's petition for PCRA relief. ***See id.***

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/19

- 14 -