**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TASAI MARQUISE BETTS | : | |
| | : | |
| Appellant | : | No. 1470 MDA 2022 |

Appeal from the PCRA Order Entered September 19, 2022
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0001004-2014,
CP-22-CR-0003339-2013

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:  **FILED: OCTOBER 27, 2023**

Tasai Marquise Betts ("Betts") appeals from the dismissal, following a hearing, of his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In a prior decision, we detailed the underlying facts:

The factual and procedural history of this case concerns two episodes of criminal behavior.  On the evening of June 13, 2013, a man sleeping in his car near the 1700 block of Miller Street in Harrisburg, Pennsylvania, was shot and robbed by a masked assailant [("the attempted murder case")].  In a separate incident, [Betts] was arrested on June 22, 2013, following a lengthy vehicle [police] pursuit . . . which ended in an officer-involved crash [("the vehicle chase case")].[2]  Officers recovered two handguns from

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] The issues in the instant matter arise from the attempted murder case.  We note Betts's first trial in that case ended in a mistrial.  Commonwealth witness
*(Footnote Continued Next Page)*

[Betts's] car, one of which was forensically linked to the aforementioned shooting.

In connection with the [attempted murder case], a jury convicted [Betts] of attempted criminal homicide [and related offenses]. With respect to the vehicle chase [case], a jury convicted [Betts] of aggravated assault [and related offenses].

[T]he trial court sentenced [Betts] at both dockets to an aggregate term of twenty-one to forty-two years of imprisonment, followed by fifteen years of probation. On direct appeal, this Court affirmed [Betts's] judgment of sentence.[3] *See Commonwealth v. Betts*, 159 A.3d 1018 (Pa. Super. 2016) (unpublished memorandum). [O]ur Supreme Court denied [Betts's] petition for allowance of appeal. *See Commonwealth v. Betts*, [] 169 A.3d 1039 ([Pa.] 2017) (*per curiam* order).

[Betts] filed a timely *pro se* PCRA petition alleging, *inter alia*, that [direct appeal] counsel had erred by challenging the weight, but not the sufficiency, of the evidence underlying [Betts's] convictions. [Attorney] Damian DeStefano [("PCRA counsel")], was appointed to represent [Betts]. He filed a supplemental PCRA memorandum arguing, *inter alia*, that [Betts's] trial counsel was

---

Robert Parker ("Parker") testified he had seen Betts in possession of the gun used in the attempted murder in May 2013. *Commonwealth v. Betts*, 240 A.3d 616, 618 n.1 (Pa. Super. 2020). The trial court granted a mistrial when, in response to a question from the Commonwealth about his familiarity with the gun, Parker testified Betts pointed it at his head in a threatening manner. *Id*.

[3] While the Office of the Public Defender of Dauphin County represented Betts throughout the trial proceedings, different lawyers from the office represented him at different stages. Attorney Amanda Batz ("trial counsel") represented Betts at trial in both the attempted murder and the vehicle chase cases. Trial counsel also represented Betts at the post-trial motions stage of the attempted murder case. Attorney Natalie Burstall ("sentencing counsel") represented Betts at sentencing. Attorney Ryan Lysaght ("Rule 1925 counsel") represented Betts at the post-trial motion stage of the vehicle chase case and filed the notices of appeal and the Rule 1925(b) statement in both cases. Attorney James Karl ("direct appeal counsel") represented Betts on direct appeal.

ineffective by "opening the door" to the introduction of statements that [Betts] had previously robbed [Parker] at gunpoint.

***Commonwealth v. Betts***, 240 A.3d 616, 618 (Pa. Super. 2020) (dates, record citations, and footnote omitted, footnotes added).

The PCRA court held a hearing on Betts's PCRA petition on August 1, 2018. At the hearing, Betts and trial counsel testified about trial counsel's cross-examination of Parker. ***See*** N.T., 8/1/18, at 3-16. PCRA counsel also questioned Betts, over the Commonwealth's objections, about trial counsel's handling of a claim of after-discovered evidence, namely that Parker had allegedly recanted his trial testimony identifying the gun. ***Id***. at 7-8.

After entertaining briefs from both parties, the [PCRA] court filed an opinion concluding that trial counsel did not render ineffective assistance. The order attached to the opinion notified [Betts] of the PCRA court's intent to dismiss his petition[] and provided him an opportunity to respond pursuant to Pa.R.Crim.P. 907.

[PCRA counsel] submitted a reply to the notice of dismissal that largely reiterated the prior arguments concerning trial counsel's allegedly erroneous cross-examination. Two days later, [Betts] filed *pro se* objections alleging that [PCRA counsel] had rendered ineffective assistance by failing to: (1) assert trial counsel's ineffectiveness for failing to refute fingerprint evidence tying [Betts] to [the victim's vehicle in the attempted murder case]; and (2) raise direct [appeal] counsel's ineffectiveness for failing to seek a new trial on the basis of allegedly inconsistent statements made by [] Parker post-trial. Appellant's timely *pro se* objections were accepted for filing and docketed in the trial court.

[T]he PCRA court entered a final order dismissing [Betts's] PCRA petition. In the text of this order, the PCRA court referenced only the arguments concerning trial counsel's cross-examinations of [] Parker. [Betts] filed a single *pro se* notice of appeal while still represented by [PCRA counsel]. Five days later, [PCRA counsel] submitted timely notices of appeal at both docket

numbers noted above. That same day, he also filed a petition on [Betts's] behalf that purported to seek permission to proceed *pro se* and requested a hearing pursuant to **Commonwealth v. Grazier**, [] 713 A.2d 81 (1998).

[T]he **Grazier** hearing was held. However, [Betts] advised the PCRA court that he had not requested a **Grazier** hearing[] but wished to discuss his allegations of [PCRA counsel's] ineffectiveness and obtain substitute counsel.

* * * *

After a colloquy, the PCRA court granted [Betts] leave to proceed *pro se* and [PCRA counsel] leave to withdraw.

**Betts**, 240 A.3d at 618-20 (dates, footnotes, and record citations omitted).

On appeal, after a discussion of the procedural irregularities in the matter, this Court found the PCRA court erred by forcing Betts to proceed *pro se* and not considering the claims of ineffective assistance of PCRA counsel contained in his *pro se* response to the Rule 907 notice. **Betts**, 240 A.3d at 621-25. This Court remanded the matter for the appointment of new PCRA counsel and directed:

Newly-appointed [remand] counsel shall: (1) review [Betts's] *pro se* objections concerning [PCRA counsel's] ineffectiveness; (2) file supplemental briefing limited to discussing the merits of those claims within a reasonable time frame; and (3) continue to represent [Betts] for the duration of these PCRA proceedings. The Commonwealth shall have an opportunity to file a response to any supplemental filings from [Betts]. Thereafter, the PCRA court shall have the discretion to proceed as it deems fit under Pennsylvania law and the Pennsylvania Rules of Criminal Procedure, including ordering further proceedings and granting or denying [Betts's] PCRA petition.

***Id.*** at 625. Of import to this appeal, this Court did not rule on Betts's claim trial counsel was ineffective for engaging in an improper cross-examination of Parker.

In March 2022, the PCRA court held a hearing on Betts's *pro se* objections. On September 19, 2022, the PCRA court dismissed Betts's PCRA petition. Betts timely filed a notice of appeal.[4] Betts's single notice of appeal listed the docket numbers of both the attempted murder and the vehicle chase cases.

On appeal, Betts raises the following issues for our review:

A. Whether the [PCRA] court erred in dismissing [Betts's] PCRA petition where [Betts] presented claims of ineffective assistance of counsel which undermined the truth-determining process so that no reliable adjudication of guilt or innocence could have taken place?

    1. Trial counsel failed to retain a fingerprint expert.

    2. Trial counsel rendered ineffective assistance of counsel in failing to adequately cross-examine Commonwealth witness [] Parker.

    3. Trial counsel [failed] to seek a new trial based upon Commonwealth witness [] Parker's post-trial comments.

Betts's Brief at 4 (unnecessary capitalization and underlining omitted).

Before reaching Betts's issues, we address our jurisdiction. As noted, Betts's single notice of appeal contained two docket numbers. In

_____

[4] Betts and the PCRA court complied with Pa.R.A.P. 1925.

*Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), our Supreme Court held "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," or the appeal will be quashed. *Id*. at 976-77; *see also* Pa.R.A.P. 341, note. Here, the PCRA court order dismissing Betts's petition informed Betts he had the right to *appeal* within 30 days of the order, not that he needed to file a separate appeal for each docket number. Order, 9/19/22. Pursuant to *Commonwealth v. Larkin*, 235 A.3d 350 (Pa. Super. 2020) (*en banc*), and *Commonwealth v. Stansbury*, 219 A.3d 157 (Pa. Super. 2019), this language constitutes a breakdown in court operations, and we thus decline to quash Betts's appeal. *See Larkin*, 235 A.3d at 354 (finding breakdown in court operations and declining to quash, where defendant was misinformed of his appellate rights); *Stansbury*, 219 A.3d at 159 (breakdown in court operations occurred where PCRA court advised appellant he could appeal dismissal of petition by filing within 30 days "*a written notice* of appeal to the Superior Court") (emphasis in original). Accordingly, we address Betts's substantive claims.

Betts asserts he received ineffective assistance of trial, Rule 1925, direct appeal, and PCRA counsel. Betts's Brief at 14-23. We review ineffectiveness claims under the following standard:

> Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not

disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Maxwell***, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (internal citations and quotation marks omitted). Further, a "PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court."

***Commonwealth v. Williams***, 141 A.3d 440, 452 (Pa. 2016).

With respect to claims in ineffective assistance of counsel,

counsel is presumed to have been effective and [] the petitioner bears the burden of proving counsel's alleged ineffectiveness. To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different. A PCRA petitioner must address each of these prongs on appeal. A petitioner's failure to satisfy any prong of this test is fatal to the claim.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citations omitted). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa. Super. 2007) (citation omitted). Where an appellant claims ineffective assistance of appellate counsel, "the petitioner must show that there is a reasonable probability that the outcome of the direct appeal proceeding would have been different but for counsel's deficient performance."

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014).

Regarding claims of ineffective assistance of PCRA counsel, in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), our Supreme Court held "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id*. at 401 (footnote omitted). This is Betts's first PCRA petition. In our earlier decision, we held Betts raised his claims of ineffective assistance of PCRA counsel at the earliest opportunity. *Betts*, 240 A.3d at 622-23. Thus, *Bradley* applies.

"Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." *Commonwealth v. Parrish*, 273 A.3d 989, 1003 n.11 (Pa. 2022) (citation omitted).

> In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

*Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa. Super. 2010).

Betts first claims trial counsel was ineffective for failing to retain a fingerprint expert to counter the Commonwealth's evidence that police investigators found a partial palm-print, which was a 24-point match to Betts, on the victim's car in the attempted murder case. *See* Appellant's Brief at 17-18; N.T., 10/29/14, at 183-85.

"To establish ineffective assistance of counsel for the failure to present an expert witness, appellant must present facts establishing that counsel knew or should have known of the particular witness." *Commonwealth v. Millward*, 830 A.2d 991, 994 (Pa. Super. 2003) (citation omitted). Further, "the [appellant] must articulate what evidence was available and identify the witness who was willing to offer such evidence." *Commonwealth v. Bryant*, 855 A.2d 726, 745 (Pa. 2004) (citations omitted).

Betts does not state what evidence was available and has not identified any witness willing to offer testimony countering the Commonwealth's fingerprint evidence. Betts's Brief at 17-19. Because Betts failed to identify an expert witness willing to testify, his claim of ineffective assistance of trial counsel fails. *See Bryant*, 855 A.2d at 745; *see also Commonwealth v. Gwynn*, 943 A.2d 940, 945 (Pa. 2008) (when defendant claims counsel was ineffective for failing to introduce expert testimony at trial, he must articulate "what evidence was available and identify a witness who was willing to offer such [evidence].") (citations omitted). Betts's first claim does not merit relief.

In his second claim, Betts argues trial counsel was ineffective for improperly cross-examining Commonwealth witness Parker at his second trial. Betts's Brief at 19-20. Trial counsel questioned Parker about his statement to the police regarding Betts's gun:

> Trial Counsel: Do you remember telling [the police] that you believed it was a 9mm handgun?

> Parker:   I thought it, yes.  ***With a gun pointed at me, I didn't know what it was.***  Yes.

N.T., 10/29/14, at 213-14 (emphasis added).  Trial counsel moved for a mistrial, which the trial court denied.  ***Id***. at 215-18.  Trial counsel then requested a limiting instruction.  ***Id***.  During its charge, the trial court instructed the jury:

> You heard testimony from [] Parker, who testified earlier this morning.  His testimony should only be considered by you for the limited purpose of identification of either [] Betts or the firearm.  And you'll use the same criteria I gave you as to testimony and credibility.

***Id***. at 278-79.  Betts did not object to the charge as given and did not ask for any additional instruction.  ***Id***. at 294.

Betts acknowledges Parker "was clearly a difficult witness."  Betts's Brief at 21.  However, he complains:

> Instead of asking a yes or no question, the question asked by trial counsel allowed for additional testimony from [] Parker.  That testimony prejudiced [Betts] in that the jury was left with the assumption [Betts] pointed a gun at [] Parker's head.
>
> Trial counsel had no reasonable basis for not carefully crafting her questions to avoid prejudice.  [Betts] was prejudiced by the fact the jury heard [Betts] pointed a gun at the witness[.]

***Id***.

A criminal defendant has the constitutional right to confront witnesses against him; this right includes the right of cross-examination.  ***See Commonwealth v. Buksa***, 655 A.2d 576, 579 (Pa. Super. 1995).  Counsel can use cross-examination to test a witness's version of the events, to

impeach his credibility, or to establish his motive for testifying. *See id*. The scope and vigor of any cross-examination is a matter of trial strategy that we leave to the sound discretion of counsel. *See Commonwealth v. Molina*, 516 A.2d 752, 757 (Pa. Super. 1986). Further, our Supreme Court has held counsel is ineffective for *failing to impeach* an important witness in the absence of a reasonable strategic basis for this action. *See Commonwealth v. Baxter*, 640 A.2d 1271, 1274-75 (Pa. 1994); *see also Commonwealth v. Murphy*, 591 A.2d 278, 279-80 (Pa. 1991) (finding defense counsel ineffective for failing to cross-examine key prosecution witnesses about possible bias).

At Betts's first PCRA hearing, trial counsel testified she deliberately limited her cross-examination of Parker "knowing he was a little goofy." N.T., 8/1/18, at 14. However, she noted she needed to cross-examine Parker to try to

> shed some level of doubt on whether or not [Betts] actually had this firearm prior to the shooting — and that was the only way to do it. We didn't have any other witnesses. There was no other evidence to show that he didn't have a gun.
>
> And I believe [] Parker had given a couple different, like, weird statements, slightly change[s to] his statements prior to the first two trials that — that kind of would have been something I could have worked with as far impeaching him.

*Id*.

We disagree with Betts's assertion the question asked by trial counsel, "Do you remember telling [the police] that you believed it was a 9mm

- 11 -

handgun?", was not designed to elicit a yes or no answer. Moreover, trial counsel articulated a clear and reasonable strategic basis for the way she cross-examined Parker. *See id*. Had trial counsel not cross-examined Parker, as Betts now suggests she should not have, she could have been found ineffective for failing to try to impeach an important Commonwealth witness. *See Baxter*, 640 A.2d at 1274-75; *Molina*, 516 A.2d at 757.

In any event, Betts cannot show Parker's statement prejudiced him. On direct appeal, Betts challenged the trial court's denial of his motion for a mistrial based on Parker's statement. *Betts*, 159 A.3d 1018 (unpublished memorandum at 10-16). In denying this claim, this Court stated "this prior possession incident was indicative of Betts['s] guilt, and the probative value of this prior bad acts evidence outweighed the risk of unfair prejudice." *Id*. at 16. Thus, based upon our prior ruling, Betts cannot show trial counsel's cross-examination prejudiced him, and his claim does not merit relief. *Wholaver*, 177 A.3d at 144.

In his third and final claim, Betts maintains trial counsel was ineffective for failing to "seek a new trial based upon [] Parker's post-trial comments [which concerned the color of the firearm]." Betts's Brief at 21-23. The record does not support this contention.

The record demonstrates trial counsel sought, and was granted, leave to file an amended post-sentence motion. In that motion, trial counsel asked the court to grant Betts a new trial based upon after-discovered evidence in

the form of a new statement by Parker regarding "the color of the firearm he identified." Motion for a New Trial Based Upon After-Discovered Evidence, 1/29/15, at 1 (unnumbered). The trial court held a hearing on Betts's motion in February 2015. The trial court then denied the motion. *See* N.T., 2/25/15, at 11. Thus, trial counsel was not ineffective for failing to file a motion for a new trial based on after-discovered evidence.

However, the record also reflects the denial of this motion was not preserved for direct appeal because it was not included in Betts's Rule 1925(b) statement. *See* Rule 1925(b) Statement, 8/18/15, at 1 (unnumbered). Betts claims Rule 1925 counsel was ineffective for not preserving the claim for appeal.[5] *See* Betts's Brief at 22.

The law regarding requests for a new trial based on after-discovered evidence is settled. To establish this claim, an appellant must show that the evidence:

> (1) could not have been obtained prior to trial by exercising reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; and (4) would likely result in a different verdict.

*Commonwealth v. Castro*, 93 A.3d 818, 821 n.7 (Pa. 2014) (citation omitted). In determining "whether the alleged after-discovered evidence is of

---

[5] Betts may be claiming direct appeal counsel was ineffective for not raising the claim on direct appeal. However, we will not fault counsel for failing to raise an unpreserved claim. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Taylor*, 933 A.2d at 1042 (counsel is not ineffective for failing to raise a meritless claim).

such nature and character that it would likely compel a different verdict if a new trial is granted," a court must "consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." *Commonwealth v. Padillas*, 997 A.2d 356, 365 (Pa. Super. 2010) (citation omitted). Also, "the proposed new evidence must be producible and admissible." *Castro*, 93 A.3d at 825 (citation omitted). It is the petitioner's burden to prove by a preponderance of the evidence that he met each of the factors necessary for a new trial. *Commonwealth v. Rivera*, 939 A.2d 355, 359 (Pa. Super. 2007).

At the hearing on the after-discovered evidence claim, the Commonwealth recited the parties' stipulation concerning Parker's various statements:

> So[,] on May 29th, 2013, that was the robbery of [] Parker. On or about that date he gave an oral statement to Harrisburg police. He identified the gun as silver and black.
>
> He then wrote a statement where he identified . . . the gun as silver and black.
>
> * * * *
>
> During trial number one, which resulted in a mistrial, and trial number two . . . Parker was presented with the gun which . . . could fairly be described as silver and black. [H]e actually used those words, handled the gun, identified it, yes, this is the gun that was held to my face by the defendant in the case.
>
> * * * *
>
> The [] Parker trial was scheduled to begin [in] January[.]

- 14 -

* * * *

[T]hat date was January 10th of 2015. [The Commonwealth] called [] Parker to schedule a meeting with him Monday morning prior to trial so we could talk about and get him ready to testify. During the course of that phone call he said, . . . ["]I was -- I was confused. I was nervous while being cross-examined,["] referring to his testimony during the trial for the [attempted murder] case.

And he went on to say that he wasn't sure, but the gun might have been silver with white handles.

At that point[, the Commonwealth] stopped [its] conversation with him, set up the appointment, and told him we would speak further on Monday.

. . . [The Commonwealth] brought him in, presented the gun to him again. He took a look at it. He handled it. He said, yes, my phone call was mistaken, or words to this effect . . . that is the gun that I identified during the [attempted murder case]. That is the gun I saw [] Betts hold on me during the course of the robbery.

So[,] in effect, he recanted his statement of the weekend that, ["]I thought it had been a white-and-silver gun.["]

N.T., 2/25/15, at 4-6.

The parties agreed Parker's statements met the first two prongs of the after-discovered evidence test but disputed whether it satisfied prongs three and four. *See id*. at 7-11.

The PCRA court found "the alleged newly discovered evidence will be used solely to impeach the credibility of [Parker's] own statements given at trial." PCRA Court Opinion, 9/19/22, at 16. The PCRA court also held the newly-discovered evidence would not have changed the outcome of the case because:

- 15 -

The victim in this case . . . was able to ultimately identify [Betts as the man who shot him]. Further, another witness, Janel Williams, also testified that she saw the gun and that [Betts] referred to the gun as his. [Betts] also admitted to [the police] that the gun was his.

*Id*. at 17 (record citations omitted).

Betts does not discuss these findings in his appellate brief. Betts's Brief at 21-23. While Betts cites to the test for after-discovered evidence, he fails to apply it to the facts of case. *Id*. Instead, he avers the "after-discovered evidence is not cumulative and would change the outcome of the verdict." *Id*. at 23.

In *Commonwealth v. Trinidad*, 96 A.3d 1031 (Pa. Super. 2014), the appellant was convicted of the attempted murder of Robert Rosado ("Rosado"). *See Trinidad*, 96 A.3d at 1032. A few weeks after sentencing, the appellant filed a motion seeking a new trial based on after-discovered evidence. *Id*. at 1032. The appellant claimed a new witness, Danny Ruiz ("Ruiz), had spoken with Rosado. *Id*. at 1035. Rosado allegedly told Ruiz the appellant was not the shooter. *Id*. at 1035-36. The trial court denied the motion and the defendant appealed. *Id*.

On appeal, this Court affirmed, holding:

The thrust of [the a]ppellant's argument is that Ruiz'[s] testimony "would likely cast doubt about the credibility of [Rosado] in the mind of the jury and give the jury an insight as to the mind of [Rosado] and his testimony[.]" Appellant's newly discovered basis for impeaching Rosado's identification testimony does not entitle him to another trial.

*Id*. at 1037 (citations omitted) (also stating that evidence that would cause a jury to see a witness "in a different light" is offered solely for impeachment).

We see no meaningful difference between the facts in *Trinidad* and the instant matter. Here, the information about Parker's various changes of mind about his identification of the gun was "for impeachment alone." *Id*. at 1037 (citation omitted). Thus, Betts is not entitled to a new trial. *See Castro*, 93 A.3d at 821 n.7. We will not find Rule 1925 counsel ineffective for failing to preserve a meritless claim. *See Taylor*, 933 A.2d at 1042. Betts's third and final claim does not merit relief.

For the above reasons, Betts's claims of ineffective assistance of trial counsel, Rule 1925 counsel, and appellate counsel are meritless. Because none of these claims merit relief, Betts's claims of PCRA counsel's ineffective assistance also fail. *See Burkett*, 5 A.3d at 1270. Accordingly, we affirm the PCRA court's dismissal of Betts's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/27/2023