J-S26042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                      :                    PENNSYLVANIA
                                                      :
                    v.                               :
                                                      :
                                                      :
MICHAEL B. JOVICH                        :
                                                      :
                    Appellant                   :   No. 1181 MDA 2023

Appeal from the PCRA Order Entered July 28, 2023
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000070-2019

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: AUGUST 13, 2024**

Michael B. Jovich appeals *pro se* from the order denying his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The facts and procedural history may be summarized as follows: Between March and September of 2018, Jovich was a friend who lived with H.S. and her four children, including G.S. ("the victim").  Toward the end of March 2018, Jovich began to engage in vaginal and oral intercourse with the victim.  During this time period, the victim was between 14 and 15 years of age, and Jovich was between the 34 and 35 years of age.  Jovich was aware of the victim's age.  After viewing nanny-cam footage which depicted the victim and Jovich together, H.S. confronted the victim, and the victim

admitted to having a sexual relationship with Jovich.  H.S. contacted the police.

The Commonwealth charged Jovich with three counts of statutory sexual assault and three counts of indecent assault based upon the three locations were G.S. stated that the sexual activity occurred:  her home; the apartment of her mother's boyfriend (from which the nanny-cam video came), and at the home of Jovich's parents.  The Commonwealth also charged Jovich with one count of endangering the welfare of children, and one count of corruption of a minor.

A jury trial was held on June 18, 2020.  The Commonwealth called the victim's mother, the mother's boyfriend, the victim and her older brother, and the investigator, Detective Todd Hirsh.  In his defense, Jovich called his father and his girlfriend.  After deliberating, the jury verdict returned with a verdict of guilt as to two counts each of statutory sexual assault and indecent assault, as well as corruption of minor and endangering the welfare of children.  The jury acquitted Jovich of the statutory sexual assault and indecent assault charges corresponding to the apartment.

On September 9, 2020, the trial court sentenced Jovich to an aggregate term of 6½ - 20 years of imprisonment.  Jovich filed a timely post-sentence motion, which the trial court denied.  Jovich appealed.  On October 12, 2021, this Court rejected his challenges to the sufficiency and weight of the evidence

and affirmed his judgment of sentence. ***Commonwealth v. Jovich***, 266 A.3d 627 (Pa. Super. 2021) (non-precedential decision).

On September 22, 2021, Jovich filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed two amended petitions. The PCRA court held an evidentiary hearing on July 24, 2023, at which both Jovich and trial counsel testified. By order of court entered July 28, 2023, the PCRA court denied Jovich's petition.

Although PCRA counsel filed a notice of appeal on Jovich's behalf and a court-ordered Pa.R.A.1925(b) statement, counsel later filed a motion to withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On October 12, 2023, Jovich filed a motion seeking the removal of PCRA counsel. On November 17, 2022, this Court directed the PCRA court to hold a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

The PCRA court conducted a ***Grazier*** hearing on January 5, 2023. That same day the PCRA court issued an order relieving PCRA counsel and permitting Jovich to proceed *pro se*. The court also granted Jovich's request to file an amended Rule 1925(b) statement. Thereafter, the PCRA court filed its Rule 1925(a) opinion.

Jovich raises the following six issues on appeal:

1. Whether the [PCRA] court erred by finding trial counsel was not ineffective in failing to locate, interview, and produce the

testimony of a known potential defense witness whose testimony could have been favorable to the defense.

2. Whether the PCRA court erred by finding that trial counsel was not ineffective [for] failing to properly and effectively cross-examine Commonwealth witnesses.

3. Whether the PCRA court erred by finding that appellate counsel was not ineffective by filing what the Superior Court concluded to be an undeveloped appellate brief.

4. Whether PCRA counsel was ineffective in failing to properly represent [Jovich] when counsel failed to pursue [Jovich's] claim that trial counsel failed to attempt to locate a defense witness that could have led to a not guilty verdict on [Jovich's] remaining charges.

5. Whether PCRA counsel was ineffective for failing to properly represent and argue trial counsel's failure to effectively cross-examine Commonwealth witnesses by limiting this claim to one example.

6. Whether PCRA counsel was ineffective in failing to argue appellate counsel's ineffectiveness by filing what the Superior Court concluded to be an undeveloped brief.

Jovich's Brief at 3 (issues renumbered; excess capitalization omitted).

This Court's standard of review for an order dismissing a PCRA petition calls for us to "determine whether the ruling of the PCRA court is supported by the evidence and free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Webb**, 236 A.3d 1170, 1176 (Pa. Super. 2020) (citing **Commonwealth v. Barndt**, 74 A.3d 185, 191–92 (Pa. Super. 2013)).

In his first three issues, Jovich raises claims regarding trial counsel and appellate counsel's alleged ineffectiveness.[1] The tripartite test we apply is well-settled, and each prong of the test has been explained as follows:

> The burden is on the [petitioner] to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel has no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted; formatting altered).

In his remaining three issues, Jovich presents layered claims of ineffectiveness of counsel. *See Commonwealth v. Bradley*, 261 A.3d 381,

---

[1] The same attorney represented Jovich at trial and on direct appeal.

- 5 -

401 (Pa. 2022) (holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal"). In making a layered claim of ineffectiveness, a PCRA petitioner "must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." **Commonwealth v. Rykard**, 55 A.3d 1177, 1190 (Pa. Super. 2012). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel." **Commonwealth v. Burkett**, 5 A.3d 1260, 1270 (Pa. Super. 2010). "If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." **Id.**

Given the above, we address Jovich's first claim that trial counsel was ineffective for failing to locate, investigate, interview and produce the testimony of Emily Houser, the victim's friend.

Jovich correctly acknowledges the distinction between failing to investigate a known witness and the failure to call the witness at trial. **See generally**, **Commonwealth v. Stewart**, 84 A.3d 701 (Pa. Super. 2013) (*en banc*). He then cites **Stewart** for the proposition that "it can be unreasonable per se to conduct no investigation into known witnesses." Jovich's Brief at 14 (citing **Stewart**, 84 A.3d at 712). Jovich, however, ignores the next sentence, which states "[a] showing of prejudice, however, is still required." **Stewart**, 84 A.3d at 712.

- 6 -

This need to establish prejudice aligns with the well-settled test for failure to call a witness at trial. To establish that trial counsel was ineffective for failing to investigate and/or call a witness at trial, a PCRA petitioner must demonstrate that:

> (1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant.

*Commonwealth v. Sneed*, 45 A.3d 1096, 1108-09 (Pa. 2012).

Here, the PCRA court first noted the conflicting testimony from Jovich and trial counsel at the evidentiary hearing regarding Emily Houser. The court summarized Jovich's testimony as follows:

> [Jovich] next complained that trial counsel failed to contact and call two witnesses at trial despite [Jovich] providing [counsel] with contact information for both. [Jovich] claimed that one of the potential witnesses, Emily Houser would have testified that [the victim] had informed her that she was trying to ruin [Jovich's] relationship with his girlfriend. [Jovich] believed that if Houser had been called, the jury would have believed her because she was not [Jovich's] friend and would not have any reason to lie for him. [Jovich] believed that the outcome of the trial would have been different with Houser's testimony.
>
> ***
>
> [On cross-examination, Jovich] acknowledged that Houser did not appear at the PCRA hearing and that he had never spoken to her regarding any testimony she could have offered at the jury trial.

PCRA Court Opinion, 10/20/23, at 4-5 (excess capitalization omitted).

The PCRA court then noted the contrasting testimony from trial counsel regarding this witness:

> [Trial counsel] explained that Houser was named by [Jovich] as one of the witnesses he wanted trial counsel to contact during their meeting on October 7, 2019. However, [Jovich] merely identified her as a friend of the victim and did not provide an address or phone number or any information about her potential testimony. [Jovich] also identified his father and his girlfriend as potential witnesses and both of them testified on his behalf at trial.

PCRA Court Opinion, 10/20/23, at 6 (excess capitalization omitted).

Given this testimony, the PCRA court concluded:

> Even though [trial counsel] knew of Houser's existence, [Jovich] produced no evidence that trial counsel was provided with her contact information or that she was willing to testify at his jury trial. We have only the accounts offered by [Jovich] to indicate that her testimony would have been helpful to his defense. Houser did not appear to testify at the PCRA hearing and [Jovich] has not provided any sworn affidavit indicating her willingness to testify at the time of the jury trial and what that testimony would have been. We are unable to make these determinations based only on the claims provided by [Jovich]. Thus, we believe [Jovich] has failed to establish his entitlement to collateral relief on this basis.

*Id.* at 12-13 (footnote omitted).

Our review of the record supports the PCRA court's conclusion that Jovich failed to establish one of more of the ***Sneed*** factors. This Court "must defer to the credibility determinations made by the [PCRA] court that observed a witness's demeanor first-hand." ***Commonwealth v Todd***, 820 A.2d 707, 712 (Pa. Super. 2003). ***See also Commonwealth v. Harmon***, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's

determination of credibility is supported by the record, it cannot be disturbed on appeal). Additionally, we note that, while in his brief Jovich asserts that he has located a phone number for Ms. Houser, *see* Jovich's Brief, Addendum A, at 5 (unnumbered), he proffers no evidence to establish that she was available, willing to testify, and that her testimony would have aided his defense. Jovich's first issue fails.

In his second issue, Jovich claims that trial counsel was ineffective for failing to properly cross-examine Commonwealth witnesses. We note that "[t]he scope and vigor of cross-examination falls within the ambit of sound trial strategy to be exercised by trial counsel alone." *Commonwealth v. Molina*, 516 A.2d 752, 757 (Pa. Super. 1986). Jovich provides examples of multiple claimed inconsistencies involving several Commonwealth witnesses that were not challenged on cross-examination. *See* Jovich's Brief at 20-25. Our review of the record supports the Commonwealth's assertion that the only ineffectiveness claim regarding cross-examination preserved in Jovich's second amended PCRA petition involved an inconsistency in where his first sexual encounter with the victim occurred.

The PCRA court rejected this claim, because trial counsel testified at the evidentiary hearing that he had a reasonable basis not to cross-examine the victim regarding this inconsistency. The court first summarized trial counsel's testimony at the evidentiary hearing:

> Trial counsel explained that he did not find a significant inconsistency in the victim's account of her first sexual encounter

with [Jovich]. At trial, the victim testified that she first had sexual intercourse with [Jovich] at her house in her room when [Jovich] removed her clothing. During an interview with the Children's Resource Center, [the victim] stated that the first time occurred in her mother's bedroom when [Jovich] removed her clothing. [Trial counsel] felt that this inconsistency could be easily explained away by the jury as the victim had testified that they had sexual intercourse at multiple locations within her home and that she had just been confused. [Counsel] felt that bringing out the disparity in testimony posed the danger of bringing up the number of times [Jovich] was alleged to have had sexual intercourse with the victim. He also feared that if he raised every inconsistency in the victim's testimony, it would look to the jury as if he was "picking on [her] about things that really weren't significant." Therefore, [trial counsel] focused his questions on inconsistencies which support his overall trial strategy [to advance the theory that the victim had a crush on Jovich, was jealous of his relationship with his girlfriend, and that Jovich was not interested in reciprocating her advances.]

PCRA Court Opinion, 10/20/23, at 7-8 (citation and excess capitalization omitted).

The PCRA court then explained why it found trial counsel's chosen strategy to be reasonable:

> Our review of the trial transcript reveals that trial counsel conducted a thorough cross-examination of the victim and brought out the inconsistencies which could have an impact on the jury's verdict. During cross-examination, trial counsel fully brought out the victim's feelings of jealousy over [Jovich's] relationship with his girlfriend. The victim admitted that it bothered her that [Jovich] brought his girlfriend to her home and also admitted that she had tried to break up [Jovich's] relationship with his girlfriend. [Trial counsel] also elaborated on the victim's allegations that [Jovich] had bruised her during an altercation over his girlfriend which highlighted the fact that other witnesses did not testify they had observed bruises on the victim.
>
> We believe it was reasonable of trial counsel to refrain from dwelling on the victim's testimony as to her first encounter with [Jovich]. During direct examination, the victim testified that she

- 10 -

did not remember "every detail" of each and every sexual experience she had with [Jovich], but was able to recall certain instances of sexual contact. We believe the jury would have considered the victim's age at the time of the occurrences, the passage of time, and the number of alleged sexual encounters with regard to this discrepancy and that trial counsel's fear that they would find that he was "picking on" the victim was justified.

PCRA Court Opinion, 10/20/23, at 13-14 (citations and excess capitalization omitted).

Our review of the record supports the PCRA court's thorough discussion and conclusion that trial counsel pursued a reasonable strategy and was not ineffective for failing to cross-examine the victim more vigorously. As noted above, we cannot disturb the PCRA court's credibility determination. **_Harmon_**, **_supra_**. Thus, Jovich's second claim of trial counsel's ineffectiveness affords him no relief.

In his third issue, Jovich claims that the appellate counsel was ineffective for filing an "undeveloped appellate brief." Jovich's Brief at 28 (emphasis deleted). We agree with the PCRA court that Jovich cannot establish prejudice. Despite the inadequacies of appellate counsel's arguments, this Court still considered and rejected Jovich's sufficiency claim on its merits. As stated by the PCRA court:

At the PCRA hearing, trial counsel explained that the sufficiency of the evidence argument was very weak and that he had placed greater stress on the weight of the evidence argument. We agree. When we reviewed [Jovich's] argument on his post-sentence motion we noted that the Commonwealth provided sufficient evidence to support all the elements of the sexual offenses of which [Jovich] was charged. The victim testified to multiple sexual encounters with [Jovich]. The testimony of a victim of sexual offenses, by itself, may establish sufficiency of the

> evidence to sustain a conviction of sexual offenses. ***Commonwealth v. Charlton***, 902 a.2d 554, 562 (Pa. Super. 2006).
>
> On appeal, the Superior Court was able to conduct a full review of both arguments based on the circumstances of the case and agreed that the evidence was sufficient to support the jury's verdict. Thus, [Jovich] suffered no prejudice in this regard.

PCRA Court Opinion, 10/20/23, at 15-16 (citation and excess capitalization omitted).

Jovich's claims to the contrary are unavailing. He argues that on direct appeal this Court largely based its sufficiency conclusion on the trial court's inaccurate summary of the acts depicted in the video evidence. This claim is refuted by this Court's lengthy summary of the trial testimony. ***See Jovich***, ***supra***. Jovich relatedly claims that a more thorough discussion of the sufficiency of the evidence in an advocate's brief would have caused this Court to "look beyond the trial court's summary [of the video evidence] and caused [this Court] to look to the actual trial transcripts." Jovich's Brief at 40 (excess capitalization omitted).[2] This Court's same discussion of the trial testimony also refutes this claim. Finally, like counsel's brief on direct appeal, Jovich proffers no argument that the Commonwealth failed to prove any specific

---

[2] We further note that the jury acquitted Jovich of the offenses associated with video evidence. Although on direct appeal, we noted the trial court's description, we found that the video evidence supported a finding that Jovich and the victim were engaged in a sexual relationship. ***Jovich***, ***supra***, (non-precedential decision at 9). Our review of the actual video evidence confirms this conclusion.

element of any of the crimes for which he was convicted. There is simply no merit to his ineffectiveness claims regarding the brief on direct appeal.

We next turn to Jovich's claims of PCRA counsel's ineffectiveness. Having rejected Jovich's trial counsel ineffectiveness claims regarding Ms. Houser and his appellate brief, Jovich's fourth and sixth issues of PCRA counsel that are based on those claims, likewise fail. **Burkett**, **supra**. In his fifth issue, Jovich asserts that PCRA counsel was ineffective because he limited his petition to raising only the one example of inconsistent testimony from the Commonwealth's witnesses.[3] Jovich believes PCRA counsel should have challenged the adequacy of trial counsel's cross-examination of the victim and other Commonwealth witnesses in the amended petitions.

Regarding claims of PCRA counsel's ineffectiveness, our Supreme Court noted in **Bradley**, **supra**:

> In some instances, the record before the appellate court will be sufficient to allow for the disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for a remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness, however where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

_____

[3] **See supra** at 9-11 (agreeing that Jovich waived all claims regarding trial counsel's cross-examination of Commonwealth witnesses except for the victim's testimony about where she first had sexual intercourse with Jovich).

***Bradley***, 261 A.3d at 402 (quotation marks and citations omitted).

Here, there is no need for a remand because the record before us is sufficient to dispose of Jovich's claim. As with the victim's testimony, as to each Commonwealth witness that Jovich claims should have been questioned more thoroughly, trial counsel brought out on cross-examination only those inconsistencies that most benefitted counsel's overall trial strategy. Although in his brief, Jovich believes certain questions should have been posed to certain Commonwealth witnesses, he cannot establish counsel's failure to ask these questions was unreasonable or that he was prejudiced. Indeed, we view Jovich's claim in this regard as no more than improperly applying a hindsight analysis to his ineffectiveness claim. ***Sandusky***, ***supra***.

In sum, Jovich's claims of trial counsel's ineffectiveness fail, and two of his claims of PCRA counsel's ineffectiveness based thereon, also fail. Finally, Jovich's standalone claim of PCRA counsel's ineffectiveness fails on the present record before us. Thus, we affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>08/13/2024</u>